UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                          Cr. Case No. 07-20318

Charles Armstrong,                       Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER
GRANTING PLAINTIFF'S MOTION
TO EXCLUDE CHARACTER EVIDENCE**

Defendant Charles Armstrong ("Armstrong" or "Defendant") is charged in a three-count indictment with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 831; carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The matter is currently before the Court on the Government's motion in limine seeking to exclude character evidence relating to a third party. The Court held a hearing on this motion on June 4, 2008. For the reasons set forth below, the Court shall GRANT the motion.

**BACKGROUND**

This case was originally assigned to the Honorable Paul V. Gadola. Pursuant to Judge Gadola's April 11, 2008 Order, trial was scheduled to commence on June 3, 2008. On May 23, 2008, this case was reassigned to this Court.

On June 3, 2008, the parties filed their trial briefs. Armstrong's June 3, 2008 trial brief raised the issue that Armstrong intended to introduce evidence of Harvey's prior criminal

1

convictions at trial and, as a result, the Government filed a June 3, 2008 motion in limine seeking to preclude that evidence.

The charges in this case stem from a traffic stop of Armstrong's vehicle that occurred on May 4, 2007. After the officers pulled Armstrong's vehicle over, Armstrong admitted that he did not have a valid driver's license. An officer then observed a firearm and crack cocaine on the floor of the vehicle, in the area surrounding or underneath the driver's seat. That firearm and crack cocaine form the basis for the charges in this case against Armstrong.

Armstrong's defense is that on the date in question he was providing a ride to his passenger, Ricky Harvey ("Harvey"). Armstrong contends that as the vehicle was being stopped by the officers, Harvey dropped the firearm and drugs on the floor of the vehicle. Armstrong contends that he did not possess, or even have knowledge of, the gun or drugs before the vehicle was stopped by the officers.

This Court held a hearing on this motion on June 4, 2008. At the hearing, defense counsel advised that Harvey is not expected to be called as a witness at trial. Rather, Armstrong intends to call various officers who arrested Harvey for prior offenses and introduce certified copies of Harvey's prior convictions. More specifically, in order to present his defense that Harvey, not Armstrong, possessed the firearm and drugs found in the vehicle, Armstrong intends to offer the following evidence relating to Harvey:

- Defense Proposed Exhibit No. 4: a certified copy of Harvey's 1993 conviction for attempted carrying of a concealed weapon.

- Defense Proposed Exhibit No. 5: a certified copy of Harvey's 1993 conviction for possession of controlled substances.

- Testimony from Officer Terry Speedy, who was involved in Harvey's arrest for the possession of controlled substances. Counsel anticipates Speedy would testify that when

> Harvey was approached by the officers, his reaction was to drop the drugs and that the controlled substance at issue was cocaine.

- Defense Proposed Exhibit No. 6(A), a certified copy of Harvey's conviction for three offenses in 1996. The first two were possession of controlled substances and the third was habitual offender.

- Testimony from Officer Rogelio Villarreal, regarding Harvey's arrest that formed the basis of the 1996 conviction.

- Testimony of Officer William Surface of Flint Police Department regarding his arrest of Harvey on October 24, 2007. Counsel anticipates Surface would testify that as he approached Harvey and others, Harvey began walking away and dropped a baggie containing rocks of crack cocaine.

In addition, although defense counsel indicated that he did not intend to introduce these items into evidence at trial, Armstrong's offer of proof to the Court also consisted of the following:

- Defense Proposed Exhibit 5(D), a police report by Officer Terry Speedy relating to Harvey's 1993 conviction.

- Defense Proposed Exhibit 6(B), a police report by Officer Rogelio Villarreal relating to Harvey's 1996 conviction.

- Defense Proposed Exhibit 7, a police report by Officer William Surface relating to Harvey's 2007 arrest.

Defense counsel made no further offer of proof relating to the motion.

## ANALYSIS

In its motion in limine, the Government asks the Court to exclude all of the above proposed evidence, pursuant to FED. R. EVID. 404(b) and/or 403. The Government asserts that Armstrong is seeking to use Harvey's prior convictions to show that Harvey acted on May 4, 2007 in conformity with his prior bad acts, in violation of FED. R. EVID. 404(b), which provides as follows:

3

> **(b) Other Crimes, Wrongs, or Acts.** – Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FED. R. EVID. 404(b).

In *Lucas*, the Sixth Circuit addressed a similar motion in limine to exclude evidence of a third party's prior convictions. *United States v. Lucas*, 357 F.3d 599 (6th Cir. 2004). This type of evidence, which has been called "reverse 404(b)" evidence, consists of evidence of a prior act by another that is offered as exculpatory evidence by the defendant. *Lucas,* 357 F.3d at 605; *see also United States v. Williams*, 458 F.3d 312, 315 (3d Cir. 2006).

In *Lucas*, the defendant was convicted of drug charges after she was stopped in a rental car. In the course of the traffic stop the police found a package of cocaine under the front seat of the car. The defendant's defense was that she did not place the drugs in the car or have knowledge of them, but rather, that a third party named Presley placed them in the car. The defendant asserted that she knew Presley and had let him borrow the rental car prior to the traffic stop. In support of her defense, defendant wanted to admit evidence regarding Presley's prior convictions for possessing and distributing cocaine. The trial court granted the Government's motion in limine and precluded the defendant from presenting evidence of Presley's prior convictions.

The Sixth Circuit affirmed the trial court's evidentiary ruling. In doing so, the court held that the same admissibility requirements which apply when "other acts" evidence is offered against a defendant apply when a defendant wants to introduce other acts by third parties (i.e.,

4

reverse 404(b) evidence). *Lucas*, 357 F.3d at 605-06. In writing the opinion for the Panel, Judge Boggs explained that "prior bad acts are generally not considered proof of *any* person's likelihood to commit bad acts in the future and that such evidence should demonstrate something more than propensity." *Id*. (emphasis in original).

The court rejected the defendant's argument that Presley's prior convictions should have been admitted to prove knowledge and intent:

> This argument is not convincing. Presley's knowledge of what cocaine is, or what it looks like, is not at issue in this case. And certainly a prior conviction does not demonstrate Presley's intent to sell in the future. Such an argument would turn the exception into the rule. If, instead, it was shown that Presley had borrowed someone else's car in which to do the prior drug deal or if he had packaged the cocaine in the same way and had left it under the passenger's seat in the same way, the evidence of his prior drug deal might have been sufficiently probative, but the simple fact that he sold cocaine before is only minimally relevant.

*Lucas,* 357 F.3d at 606.

Here, Armstrong asserts that he is not offering the evidence of Harvey's prior convictions to show that on May 4, 2007, Harvey acted in conformity with his prior bad acts. Rather, he contends that he is seeking to offer the evidence of Harvey's prior convictions to show identity, knowledge and intent, and/or motive.

The Court concludes that Armstrong has not met his burden of establishing that any of those exceptions to Rule 404(b) apply in this case.

With respect to the identity exception, counsel for Armstrong acknowledged at the hearing that the drugs found in his vehicle were not packaged in a unique manner. Rather, the drugs were simply contained in a plastic bag. Harvey's prior drug convictions, prior possession of a firearm, and possession of drugs in a plastic bag are too generic to prove identity. *United*

*States v. Williams*, 458 F.3d at 318-19. In other words, the mere prior possession of a firearm or a plastic bag containing cocaine, without more, is not a distinctive act and does not establish identify. *Id.* The Court therefore concludes that the identity exception does not apply.

The Court also concludes that the knowledge and intent exception does not apply. As in *Lucas*, Armstrong has not explained how Harvey's knowledge of what cocaine is, or what it looks like, could possibly be at issue in this case. Moreover, as in *Lucas*, Harvey's "prior conviction does not demonstrate [Harvey's] intent to sell in the future." *Lucas*, 357 F.3d at 606. To accept such an argument would "turn the exception into the rule." *Id.*

Finally, with respect to the exception for proof of motive, motive in the context of Rule 404(b) refers to the motive for the crime charged. *United States v. Farmer*, 923 F.2d 1557, 1567 (11th Cir. 1991). Here, Armstrong has not explained how Harvey's prior convictions could possibly prove that Harvey had a motive to possess the firearm and drugs on May 4, 2007. The Court therefore concludes that the motive exception does not apply either.

Thus, the Court concludes that evidence of Harvey's prior convictions must be precluded under FED. R. EVID. 404(b).

The Court further rejects Armstrong's argument that precluding evidence of Harvey's prior convictions violates his constitutional right to present a complete defense. As explained by the Sixth Circuit in *Lucas,* "a complete defense does not imply a right to offer evidence that is otherwise inadmissible under the standard rules of evidence." *Lucas,* 357 F.3d at 606. Although the Court is precluding Armstrong from offering the above evidence of Harvey's prior convictions, that does not mean that Armstrong is precluded from presenting his theory of defense. Armstrong can still present, through his own testimony or other evidence, his theory

that Harvey possessed the firearm and drugs and that Armstrong was not aware of their presence until the officers stopped the vehicle, at which point Harvey dropped the firearm and drugs on the floor.

## CONCLUSION & ORDER

For the following reasons, IT IS ORDERED that Plaintiff's Motion is GRANTED. The Court therefore ORDERS that, under FED. R. EVID. 404(b), Defendant is precluded from presenting evidence of Harvey's prior convictions.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 5, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager